**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARLA J. CUNNINGHAM,

       Plaintiff,

vs.                                                                        Civ. No. 01-0576 LH/RLP

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## ANALYSIS AND RECOMMENDED DISPOSITION[1]

1.      The matter before the court is Plaintiff's Motion to Reverse and Remand for Rehearing. (Docket No. 11). For the reasons stated below, I find that the Motion is not well taken and should be denied.

2.      Plaintiff was born on April 7, 1958. (Tr. 71). She completed the 9th grade, obtained a GED in 1974, and graduated from a junior college with a two year Associate of Arts Degree in 1995. (Tr. 71, 203-204). She has prior relevant work experience as a truck driver. (Tr. 231). Plaintiff seeks an award of Disability Income Benefits and Supplemental Security Income due to severe back pain radiating down her left leg.[2] (Tr. 67, 216). Radiographic evidence establishes that she has degenerative disc disease. (Tr. 14, 138).

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] Plaintiff alleges that her disabling condition started in November 1992. She filed prior applications for DIB and SSI which were denied on September 21, 1995. Accordingly, her alleged "date of onset" of disability applicable in this matter is September 22, 1995. (Tr. 67, 28-36, 216).

Her applications were denied at the first and second levels of administrative review, and by an Administrative Law Judge ("ALJ" herein) following a hearing. The Appeals Council declined to review the ALJ's decision. The only issue presented for review is whether the ALJ erred in his evaluation of Plaintiff's credibility.

3. This Court reviews the Commissioner's decision to determine whether the records contain substantial evidence to support the findings, and to determine whether the correct legal standards were applied. *Castellano v. Secretary of Health & Human Services*, 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir.1996) (*quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). In reviewing the Commissioner's decision, I cannot weigh the evidence or substitute my discretion for that of the Commissioner, but I have the duty to carefully consider the entire record and make my determination on the record as a whole. *Dollar v. Bowen*, 821 F.2d 530, 532 (10th Cir.1987).

5. The ALJ found that Plaintiff's "allegations regarding her limitations are not totally credible" for reasons listed in his decision. (Tr. 17). In reviewing this determination, the Court should "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." *Casias v. Sec'y of Health & Human Serv's*, 933 F.2d 799, 801 (10th Cir.1991). "Credibility is the province of the ALJ." *Hamilton v. Sec'y of Health & Human Serv's*, 961 F.2d 1495, 1499 (10th Cir.1992). At the same time, the ALJ must explain why specific evidence relevant to each factor supports a conclusion that a claimant's subjective complaints are not credible. *See Kepler v. Chater*, 68 F.3d 387, 391

(10th Cir.1995); *but see Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir.2000) (*Kepler* does not require formalistic factor-by-factor recitation of evidence). "Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (*quoting Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988). (footnote omitted)). "In making a finding about the credibility of an individual's statements, the adjudicator need not totally accept or totally reject the individual's statements." *See Social Security Ruling 96-7p*, 61 Fed.Reg. at 34486. Rather, the ALJ "may find all, only some, or none of an individual's allegations to be credible." *See id.*

6. In assessing credibility, the ALJ is to consider factors including:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Kepler v. Chater*, 68 F.3d at 391 (quoting *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir.1993) (further quotation omitted). The ALJ noted that:

-- <u>Plaintiff was receiving no current medical treatment</u>. (Tr. 15). Plaintiff testified she had not seen a doctor for 1 ½ years prior to her administrative hearing. (Tr. 208).

-- <u>Plaintiff took no prescription medication, treating her pain complaints with 12-15 aspirin daily</u>. (Tr. 15, 93).

-- <u>Although she alleged that she could not afford medical care, Plaintiff presented no evidence that she sought any free or low cost medical treatment in</u>

3

her area. (Tr. 15). Failure to seek low cost or free medical care is an appropriate consideration in the evaluation of credibility. *Galdean v. Chater*, 74 F.3d 1249, 1996 WL 23199, **2 (10th Cir. N.M. 1996) and *Peden v. Shalala*, 7 F.3d 1045, 1993 WL 390981, **2 (10th Cir.(Okla.)) (both cases stating that failure to seek low-cost medical treatment and lack of evidence claimant had been denied medical care because of financial condition supported ALJ's determination that claimant's financial hardship was not severe enough to justify failure to seek medical treatment), *citing Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir.1992) (claimant's assertion she had not sought medical treatment due to financial hardship may be taken into consideration when determining whether to award benefits; however, failure to seek low-cost medical treatment and lack of evidence claimant had been denied medical care because of financial condition supported ALJ's determination that claimant's financial hardship was not severe enough to justify failure to seek medical treatment).

-- <u>Plaintiff was able to walk at adequate speed, without any assistance</u>. (Tr. 15). This assessment was based on the objective medical findings of examining physician, Alan Jakins, M.D, who examined Plaintiff in August 1999. (Tr. 129-133). Dr. Jakins' assessment contrasts to some extent with Plaintiff's written statement that walking caused severe pain (Tr. 67).

-- <u>Plaintiff retained the ability to lift 10 pounds frequently and 20 pounds occasionally</u>. (Tr. 15). This assessment was based on the medical opinion of Alan Jakins, M.D., and contrasts with Plaintiff's own testimony, that she was only able

to lift a gallon of milk. (Tr. 15; Compare Tr. 131 with Tr. 214)

-- <u>Plaintiff was able to vacation in Las Vegas, Nevada, in 1999.</u> (Tr.16). Although Plaintiff asserts that the ALJ must has assumed she was "able to stay up all night and walk from casino to casino," the ALJ made no such comment. His reference to this trip is an indication of ability to travel long distances, which is consistent with other evidence of record.[3]

7. The ALJ applied correct legal principles in evaluating Plaintiff's credibility, and his evaluation was supported by substantial evidence. Accordingly, I recommend that Plaintiff's Motion to Reverse and Remand for Rehearing be denied, and that the decision of the Commissioner, denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income, be affirmed.

*(signature)*
**RICHARD L. PUGLISI**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff testified that she drove 65 miles each way, three days a week, to attend college. (Tr. 217). Dr. Jakins stated that Plaintiff's ability to travel was not impaired. (Tr. 131).